

| | Rachel Maimin<br>Partner | 1251 Avenue of the Americas<br>New York, New York 10020 |
|---|---|---|
| | | T: 212.419.5876<br>F: 212.262.7402<br>E: rmaimin@lowenstein.com |

March 11, 2022

**BY ECF**

The Honorable Paul A. Engelmayer
United State District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *JMB Shipping ATB 284, LLC, et al. v. Unico Marine Services, LLC,*
**Case No. 1:22-mc-00067-PAE**

Dear Judge Engelmayer:

We respectfully submit this letter on behalf of our clients, Petitioners JMB Shipping ATB 284, LLC; JMB Shipping ATB 220, LLC; and JMB Shipping ATB 2805 LLC (collectively "JMB Shipping"). We respectfully submit this letter to inform the Court of a preliminary injunction affecting JMB Shipping entered today from the Honorable William F. Kuntz, United States Distrct Judge for the Eastern District of New York. *See Glander Int'l Bunking Inc. v. Unico Marine Services, et al.*, No. 1:21-cv-6830-WFK-TAM (E.D.N.Y.) (the "Glander Action"), Mar. 11, 2022, Minute Order. As Your Honor is aware, this Court ordered an *ex parte* order of attachment on March 7, 2022. Judge Kuntz today enjoined JMB Shipping from pursuing this attachment before Your Honor (the "Injunction"), effectively forbidding JMB Shipping from proceeding with the relief ordered by this Court.

### 1. *The Rule B attachment in the Eastern District of New York.*

As JMB Shipping told this Court in its petition for an *ex parte* order of attachment in aid of arbitration, JMB Shipping and Unico Marine are parties to the Glander Action. JMB Shipping's petition explained:

> 61. On December 9, 2021, Glander filed an in rem action against Unico Marine's vessel, the TERESA, in the U.S. District Court for the Eastern District of New York to recover $599,635.74 in maritime liens on the TERESA, plus cost and expenses. See Glander Int'l Bunkering, Inc. v. M/V TERESA (IMO 9175016), No. 1:21-cv-6830 (E.D.N.Y.).

> 62. On December 16, 2021, JMB Shipping intervened to obtain security for its claims against Unico Marine for breach of the Charter Agreements.

> 63. On December 16, 2020, E.N Bisso also intervened regarding maritime liens amounting to $36,288.30, plus cost and expenses.

Hon. Paul A. Engelmayer  March 11, 2022
Page 2

> 64. On December 16, 2020, the court issued a writ of attachment on behalf of JMB Shipping against the M/V TERESA and Barge ACADIA, Unico Marine's other vessel. Upon information and belief, the TERESA and ACADIA are the only assets belonging to Unico Marine.
>
> 65. Unico Marine moved to vacate the Attachment and on January 14, 2022, which the court granted on February 17, 2022. The court also has allowed for the interlocutory sale of the TERESA and ACADIA to an alleged third-party purchaser for $3,350,000, with Glander's lien being the only claim on the proceeds at this time.
>
> 66. Upon information and belief, on or about February 25, 2022, Unico Marine removed the TERESA from the Eastern District of New York, and relocated it to the Hudson River in the Southern District of New York.

ECF No. 1, Verified Petition for Attachment.

In other words, the *Glander* court had ordered attachment of Unico Marine's vessel, the M/V TERESA and barge ACADIA ("Vessel"), under Rule B of the of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on the ground that Unico Marine was not present in the district. The *Glander* court later vacated the attachment on the ground that Unico Marine had appointed a register agent in the district and thus was present. *See* Glander Action, ECF No. 69, Decision & Order (Feb. 17, 2022). The *Glander* court explained:

> [A]t the time this Court issued a Writ of Attachment on behalf of JMB Shipping, Unico Marine did not have an agent for service of process in the Eastern District of New York. JMB Shipping Compl. ¶ 41. Unico Marine has since appointed an agent for service in the Eastern District of New York.

*Id.* at 6.

### 2. *JMB Shipping's petition for attachment under New York state law.*

As this Court knows, JMB Shipping and Unico Marine are also engaged in underlying arbitration before the Society of Maritime Arbitrators in New York, New York (the "Arbitration"). On March 4, 2022, JMB Shipping petitioned this Court for an *ex parte* order of attachment in aid of arbitration under New York CPLR § 7502(c), which is a provisional state law remedy that allows attachment of assets to prevent a forthcoming arbitral award from being ineffectual—an entirely separate remedy from that sought before Judge Kuntz.

Because JMB Shipping obtained the order of attachment *ex parte*, JMB Shipping is required to file with this Court, within five days of the attachment, a motion to confirm the order. *See* New York CPLR § 6211(b). That filing deadline is today, March 11, 2022.

Hon. Paul A. Engelmayer  March 11, 2022
Page 3

### 3. Today The Eastern District of New York Issued The Injunction.

Today, March 11, the *Glander* court issued a minute order "granting 110 Motion for Preliminary Injunction." Docket number 110 is Unico Marine's letter motion, filed March 7, 2022, asking for:

> [A]n order enjoining JMB from further pursuit of the action it filed in the Southern District of New York, including service of any writ of attachment on any party, individuals, agents, or purported garnishees. We also submit that JMB should be directed to promptly file within this action any further application for the relief it has sought against Unico Marine and its property including any application pursuant to New York Civil Practice Law and Rules 7502(c) such that Unico Marine and/or any other interested party may have an appropriate opportunity to be heard and to file papers regarding any such application.

Letter for Preliminary Injunction at 3, ECF No. 110. JMB Shipping was not afforded an opportunity to respond to the request for the preliminary injunction, which essentially forbids JMB Shipping from doing anything with the writ of attachment Your Honor ordered under a totally separate law from that pursued before Judge Kuntz, and with full knowledge of Judge Kuntz's prior order. Judge Kuntz did not provide any reason for his decision.

JMB Shipping today filed a letter with Judge Kuntz to confirm that it will not take any steps to violate the Injunction, and to request an opportunity to brief the *Glander* court in connection with Injunction. JMB Shipping further advised Judge Kuntz that JMB Shipping would notify this Court of the Injunction. To that end, JMB Shipping intends to file today its motion to confirm this Court's *ex parte* order of attachment, as required under New York CPLR § 6211(b). However, in light of the Injunction entered by Judge Kuntz enjoining JMB Shipping from further pursuing this attachment, JMB Shipping respectfully requests that the motion be held in abeyance pending further proceedings in the *Glander* court. It is possible that, should Judge Kuntz ultimately refuse to lift the Injunction preventing our client from pursuing the attachment ordered by Your Honor, we will seek additional relief before this Court. Given the related nature of the proceedings, we will continue to keep both Courts aware of all proceedings.

Respectfully submitted,

*Rachel Maimin*

Rachel Maimin

*Counsel for Petitioners JMB Shipping ATB 284, LLC;
JMB Shipping ATB 220, LLC; and JMB Shipping ATB 205, LLC*

cc:
Patrick Lennon
*Counsel for Respondent Unico Marine Services, LLC*

The Court will hold plaintiffs' motion to confirm the Court's *ex parte* order of attachment, Dkt. 10, in abeyance for as long as Judge Kuntz's injunction in the *Glander* action is in effect. Plaintiffs are to file a letter every 60 days updating the Court as to the status of the *Glander* action, and, in the event that Judge Kuntz lifts the injunction, to notify the Court forthwith. SO ORDERED.

Dated: March 15, 2022

_____
PAUL A. ENGELMAYER
United States District Judge