The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax



1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax

May 4, 2022

*Via ECF*
Honorable Paul A. Engelmayer
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   **JMB Shipping ATB 284, LLC, et al. v. Unico Marine Services LLC**
         **Case No. 22-mc-00067-PAE**

Dear Judge Engelmayer:

We represent Respondent Unico Marine Services LLC ("Unico Marine").

We respectfully submit this letter on Unico Marine's behalf to supplement the letters submitted to this Court on April 22, 2022 and April 27, 2022, *ECF Nos. 16 & 17*, and to address both the misstatements and new issues raised by the Petitioners in their Reply, dated April 29, 2022. *ECF 18*.

**I.   The Petitioners Improperly Sought Injunctive Relief From This Court**

In their Reply, Petitioners spuriously attack Unico Marine's opposition to their Motion to Confirm and Unico Marine's letter motion to vacate[1] the *ex parte* Order of Attachment entered by this Court. Petitioners argue that Unico Marine is under the mistaken impression that the Petitioners improperly sought a preliminary injunction and that Unico Marine's arguments—which Petitioners concede are correct—that this Court is without authority to enjoin Unico Marine from withdrawing funds held within the registry of the Eastern District of New York are inapposite to the issue presented to this Court. Unico Marine's "impression" that the Petitioners sought, and this Court granted, preliminary injunctive relief—and its arguments that such relief was inappropriate and subject to vacatur—was founded on the fact that the Petitioner's own motion requested—without merit—that this Court "prevent Unico Marine from liquidating and secreting its assets" (*ECF Nos. 4 & 11*), and this Court's own Order which states that "Unico Marine may not withdraw any funds from the Eastern District Court's Registry while the Order of Attachment

---

[1] Unico Marine reserves its right to file a formal motion to vacate the Order of Attachment pursuant to New York CPLR § 6223.

is in place," which is a paradigmatic example of injunctive relief. *See ECF No. 15; see also; Petitioners' Joint Letter, ECF No. 13* (requesting that this Court order that "Unico Marine may not withdraw any funds from the Eastern District Court's Registry"); *ECF No. 7* (ordering that "all persons served with this Order of Attachment shall be and hereby are forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property"); *see, e.g.*, *Abbot v. Perez*, 138 S. Ct. 2305, 2319, 2322–23 (2018) (holding that "the label attached to an order is not dispositive" but rather it is the "practical effect" of the order that determines whether it is injunctive in nature and that where a Court's order requires or prohibits a party from taking a certain action, it is injunctive in nature). The plain text of the Petitioners' submissions and the plain text of this Court's Order make it clear that injunctive relief was sought and granted and, as detailed in Unico Marine's letter dated April 22, 2022 (*ECF No. 16*), such injunctive relief is impermissible as a matter of well-settled law.

## II. This Court Lacks Subject Matter Jurisdiction

As set forth in Unico Marine's April 22, 2022 letter (*ECF No. 16)*, this Court's attachment was void *ab initio*, as this Court lacks subject matter jurisdiction over this matter and despite Petitioners' perfunctory, and risible, conclusion that questions as to this Court's jurisdiction are now "moot," Petitioners' insistence that their assertions to this Court are predicated solely on New York CPLR Article 62 ("Article 62") effectively concedes that this Court lacks subject matter jurisdiction.

As stated by the Petitioner's themselves, "JMB Shipping seeks an Attachment Order under *Article 62.*" *ECF No. 18, p. 2* (emphasis in original). In *Koehler v. Bank of Bermuda, Ltd.*, 12 N.Y.3d 533, 538 (2009), the New York Court of Appeals explicitly held that Article 62 was **solely** an *in rem* remedy and proceeding:

> an article 62 attachment proceeding operates **only against property, not any person**. By means of attachment, a creditor effects the prejudgment seizure of a debtor's property, to be held by the sheriff, so as to apply the property to the creditor's judgment if the creditor should prevail in court.

*Id.* (emphasis added). *See also, Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 U.S. Dist. LEXIS 153501, at * 4–5 (S.D.N.Y. April 29, 2011) (holding that "[a]ttachment is an *in rem* remedy and that an order of attachment must be denied where petitioners "have failed to identify any asset owned by the defendant, either in New York or elsewhere, **that would appropriately be subject to seizure**") (emphasis added). As such, it is without question that the proceeding before this Court, pursuant to Article 62, is necessarily an improper exercise of this Court's *in rem* jurisdiction over the property identified by the Petitioner in its motion, *i.e.* the M/V TERESA and Barge ACADIA (the "Vessels"), because the Eastern District had initial, continuing, and exclusive *in rem* jurisdiction over the same property based on the arrest of this property while it was located at Brooklyn, within the Eastern District of New York[2]. Petitioner has

---

[2] While Unico Marine maintains that there is no basis for issuance of the Attachment Order due to lack of subject matter jurisdiction, it is also notable that the Attachment Order itself only authorized the attachment

wholly failed to identify any other property "that would appropriately be subject to seizure," as the only property identified by the Petitioner—and the only identified property that is the subject of the Order of Attachment—was property that was already subject to the initial, exclusive, and continuing jurisdiction of the Eastern District of New York, *i.e.* the M/V TERESA and Barge ACADIA and, now, the proceeds from the judicially ordered sale of those Vessels, which was deposited into the Registry of the Eastern District, pursuant to order of that Court.[3]

"A common-law rule of long standing prohibits a court, whether state or federal, from assuming *in rem* jurisdiction over a res that is already under the *in rem* jurisdiction of another court." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 66 (2d Cir. 1991). The Supreme Court explicitly laid out this rule in *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935) where it held:

> [I]f two suits are *in rem* or quasi *in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court **must by necessity yield to that of the other**….**the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other**."

(emphasis added). It is an unassailable fact that the Eastern District exercised—and continues to exercise—*in rem* jurisdiction over the Vessels and now the proceeds from their judicially ordered sale. It is indisputable that any proceeding initiated pursuant to Article 62 of the New York CPLR is, by definition, an *in rem* attachment proceeding and, upon Petitioners' own insistence in their Reply brief, they are proceeding solely under Article 62 in an effort to attach first the Vessels and now the proceeds of their sale held in the Registry of the Eastern District. Therefore, given that the Eastern District action and the Petitioners' action in this Court are both proceedings *in rem*

---

of Unico Marine's property, including the Vessels, "found within the Southern District of New York." *ECF No. 7.*

[3] It should suffice to note that Petitioners' argument that the question of the Eastern District's *in rem* jurisdiction over the Vessels to the exclusion of this Court is moot because the Vessels have been sold and the proceeds deposited in the Eastern District is without moment as it is axiomatic that proceeds from the judicial sale of property over which a court is exercising *in rem* jurisdiction are a mere substitute for the original *res* and, for all intents and purposes, is identical to the original *res*. *See, Nykcool A.B. v. Pac. Int'l Servs.*, No. 12 Civ. 5754 (LAK), 2013 U.S. Dist. LEXIS 179075 (S.D.N.Y Dec. 20, 2013)(deposit of funds in Court's registry following Rule B attachment supported Court's exercise of quasi in rem jurisdiction for purposes of entry of default judgment).; *Fujian Ocean Shipping Co. v. O.W. Bunker Far E. (S) Pte. Ltd.*, No. 16-CV-401 (VEC), 2022 U.S. Dist. LEXIS 55961 (S.D.N.Y. Mar. 28, 2022)(deposit of funds in Court's registry to stand as security and substitute res; *DHL Project & Chartering Ltd. v. Newlead Holdings Ltd.*, No. CV 416-123, 2017 U.S. Dist. LEXIS 37093 (S.D. Ga. Mar. 15, 2017)( proceeds from the Vessel's sale (i.e., the substitute res) deposited to the Court's registry); *cf Teyseer Cement Co. v. Halla Mar. Corp.*, 794 F.2d 472 (9th Cir. 1986) (release of vessel from Rule B arrest and subsequent dismissal of action based on enforcement of forum selection clause and where letter of undertaking that was provided to secure vessel release from attachment did not secure claim in proper forum rendered action moot and Court lacked jurisdiction).

with respect to the same *res*, this Court's jurisdiction "must of necessity yield to" that of the Eastern District, *id.*, and the Order of Attachment must be vacated.

### III. The Petitioners Have Failed to Carry Their Burden as to the Elements of a Claim Under Article 62 and CPLR 7502(c)

Finally, to the extent that, in spite of the foregoing arguments, the Court finds that it had subject matter jurisdiction and the authority to issue both a preliminary injunction and an order authorizing attachment of Unico Marine's property found within the Southern District which had already been arrested in the Eastern District, the Order for Attachment must still be vacated, as the Petitioners have misstated the standard of law to be applied to a Motion for Attachment pursuant to Article 62, CPLR 7502(c), and Fed. R. Civ. P. 64.

Petitioners cite to *Drexel Burnham Lambert Inc. v. Ruebsamen*, 139 A.D.2d 323 (1st Dep't 1988), for the proposition that pursuant to CPLR 7502(c) it need only show the mere "possibility that an arbitration award may be rendered ineffectual in the absence of an order" and need not prove any of the other elements required under CPLR 6212(a). *See, ECF No. 4 at p. 13*. However, despite citing to *Drexel,* Petitioners fail to apprise this Court that the Second Circuit, in *SG Cowen Secs. Corp. v. Messih*, 224 F. 3d 79 (2d Cir. 2000), expressly held that where an application for relief is made under CPLR 7502(c)—whether it be for an injunction or an attachment—the requirements of Article 62 and 63 still apply and a party is obligated to meet all of the requirements of CPLR 6212(a)[4] when moving for an order of attachment pursuant to CPLR 7502(c).[5] *See, id.* at 13–14; *see also, Discover Growth Fund v. 6D Global Techs. Inc.*, No. 15-cv-7618 (PKC), 2015 U.S. Dist. LEXIS 147559, at *10–11 (S.D.N.Y. Oct. 30, 2015) (citing *SG Cowen Secs. Corp.,* 224 F. 3d at 82–83) (holding that CPLR 7502(c) **only** takes the place of the third CPLR 6212(a) element and that a party seeking attachment must still show the presence of all other elements).

#### a. Petitioner Has Failed to Show a Likelihood of Success on the Merits

Presently, the Petitioners have failed to advance any credible evidence, beyond self-serving and conclusory affidavits, to carry their heavy burden of establishing all of the substantive elements of CPLR 6212(a).[6] *See, e.g.*, *Nat'l Audobon Soc'y, Inc. v. Sonopia Corp.*, No. 09 Civ. 975, 2009 U.S. Dist. LEXIS 17094, at *2 (S.D.N.Y. Mar. 6, 2009) (holding that the party seeking

---

[4] New York CPLR 6212(a) provides that, in order to obtain an attachment, the moving party must show: 1) there is a cause of action; 2) that it is probable that the plaintiff will succeed on the merits; 3) that one or more grounds for attachment provided in section 6201 exist; and 4) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

[5] New York CPLR 7502(c) itself makes clear that "the provisions of articles 62 and 63 of this chapter shall apply to the application…except that the sole ground for the granting of the remedy shall be [that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief]." Effectively, CPLR 7502(c) only takes the place of the third element of CPLR 6212(a) and the petitioner is still obligated to make a showing of the other three elements.

[6] Unico Marine does not contest that there is a "cause of action" for purposes of CPLR 7502(c) and CPLR 6212(a), as the arbitration between the parties is currently pending before the Society of Maritime Arbitrators in Manhattan.

confirmation of an attachment "bears a heavy burden…because New York Attachment statutes are construed strictly against those who seek to invoke the remedy").

With respect to their likelihood of success on the merits, the Petitioners merely state that they have sufficiently plead a cause of action for breach of contract in the arbitration and thus "more than clear" the first element of CLPR 6212(a). However, "[w]hat is sufficient for a pleading may be insufficient for attachment," *Zenith Bathing Pavilion, Inc. v. Fair Oaks S.S. Corp.,* 240 N.Y. 307, 312 (1925), and "for an attachment there must be evidentiary detail stronger than the summary and conclusory allegations that sufficed today in a pleading." DAVID D. SIEGEL, N.Y. PRAC. 316 (4th ed. 2005). As the Petitioners correctly note, the elements of a breach of contract claim are "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages," *Plametto Partners, L.P. v. AJW Qualified Partners, LLC*, 83 A.D.3d 804, 921 (2d Dep't 2011). Petitioners have not, however, advanced any evidence that they have shown the requisite likelihood of success on the merits, particularly in light of the fact that Unico Marine has made claims in the underlying arbitration that it did not breach the underlying contracts and, rather, Petitioners failed to fulfill their obligations thereunder, improperly repossessed the vessels and, in doing so, caused Unico Marine to suffer extensive damages. *See, e.g. Petitioner's Verified Complaint ¶ 58* (conceding that Petitioners *voluntarily* offered Unico Marine $14,000,000 to partially secure Unico Marine's claims in the underlying arbitration – in exchange for Unico Marine's consent to the lifting of the vessel arrest orders that Petitioners themselves had obtained). Petitioners have advanced no credible evidence to carry their burden of proving a likelihood of success on the merits.

      **b.**    **Petitioners Have Failed to Show that a Prospective Arbitration Award Would Be Rendered Ineffectual**

Petitioner's failure to carry their burden of showing a likelihood of success on the merits is fatal to their Motion to Confirm but, even if they had carried their burden on that element, their motion would still fail as they have wholly failed to show that any award would be rendered ineffectual. Petitioners have advanced **no** substantive evidence that there is even a small likelihood that an arbitration award would be rendered ineffectual and have merely made conclusory (and false) assertions that Unico Marine is attempting to secrete its assets in an attempt to defraud Petitioners.  The only support they have offered are self-serving affidavits of little import or moment. Petitioners sole argument is that Unico Marine is attempting to liquidate its assets by virtue of the fact that the Vessels were sold **pursuant to a Court Order to which Petitioners explicitly did not object and agreed was a good idea**. Petitioners' complete and utter lack of credible, probative evidence is fatal to their claim under CPLR 7502(c) and Article 62. *See, e.g. Vidaplan, S.A. v. Cipriani Int'l*, No. 06-CV-4930 (KMK), 2006 U.S. Dist. LEXIS 117533, at * 12–13 (S.D.N.Y. July 31, 2006) (denying an order of attachment pursuant to CPLR 7502(c) and Article 62 as the petitioner had failed to advance any evidence that an arbitration aware would be rendered ineffectual).

    **c.    Petitioners Have Failed to Show that the Amount Demanded Exceeds the Respondents Meritorious Counterclaims**

Finally, Petitioners conclusively state that they need not address the fourth element that Unico Marine's proposed counterclaims exceed the Petitioner's own claims as Unico Marine's claims are contested. While it is true that the Court "need consider only those counterclaims which the plaintiff is willing to concede as just," *Shearson Hayden Stone, Inc. v. Scrivener*, 480 F.Supp. 256, 259 (S.D.N.Y. 1979), Petitioners fail to apprise the Court that they have implicitly conceded that Unico Marine's claims in the underlying arbitration are both just and exceed Petitioners' own claims by virtue of the fact that the Petitioners **voluntarily** posted $14,000,000 of security for Unico Marine's claims in the arbitration in order to free their own vessels from their own self-initiated arrest. As such, Petitioners have wholly failed to meet the fourth element required for an attachment under CPLR 6212(a).

For all the foregoing reasons, and those set forth in our letter dated April 22, 2022 and April 28, 2022, the Order of Attachment should be vacated forthwith.

    Respectfully submitted,

    Lennon, Murphy & Phillips, LLC

By:  _____
    Patrick F. Lennon
    Kevin J. Lennon
    Keith W. Heard

cc:    All Counsel of Record (*Via ECF*)